UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S.J.W., a minor, by and through
her Next Friend, AMANDA GIBBONS,

    Plaintiff,

v.

FRASER PUBLIC SCHOOLS;
RYAN SINES; LINDSAY SAMASSA;
KERRY TERMAN; STACY KALPIN;
NICHOLAS CHARLAND;
EDUSTAFF, LLC,

    Defendants.

Case No.:

Hon.:

---

MARC J. MENDELSON (P52798)
MADELINE M. SINKOVICH (P82846)
MIKE MORSE LAW FIRM
24901 Northwestern Highway, Suite 700
Southfield, MI 48075
(248) 350-9050
madeline.sinkovich@855mikewins.com
Rima.najor@855mikewins.com
Attorneys for Plaintiff

---

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, S.J.W., a minor, through her Next Friend, AMANDA GIBBONS, by and through her attorneys, the MIKE MORSE LAW FIRM, and for her Complaint against Defendants, states as follows:

1

## INTRODUCTION

1. This action arises from the sexual abuse of a minor student, Plaintiff S.W., by a school employee, Robert William Lindsay II, who was hired by Defendant EDUSTAFF, LLC and placed at Fraser High School, which is operated by Defendant FRASER PUBLIC SCHOOLS.

2. School officials, including Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND, were aware of inappropriate behavior between Lindsay and Plaintiff for months before Lindsay's ultimate arrest, yet failed to take appropriate action to protect Plaintiff.

3. Defendants' actions and inactions violated Plaintiff's rights under federal and state law, including Title IX of the Education Amendments of 1972, 42 U.S.C. § 1983, and the Elliott-Larsen Civil Rights Act, among others.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this case involves questions of federal law under Title IX and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within the Eastern District of Michigan.

## PARTIES

7. Plaintiff S.W. is a minor resident of Clinton Township, Michigan. At all relevant times, she was a student at Fraser High School.

8. Plaintiff's Next Friend, AMANDA GIBBONS, is Plaintiff's mother and a resident of Clinton Township, Michigan.

9. Defendant FRASER PUBLIC SCHOOLS is a public school district organized under the laws of the State of Michigan with its principal place of business in Fraser, Michigan. At all relevant times, Fraser Public Schools operated Fraser High School, where the events at issue took place.

10. Defendant EDUSTAFF, LLC is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan. At all relevant times, Edustaff was the employer of Robert William Lindsay II and contracted with Fraser Public Schools to provide his services as an auditorium manager at Fraser High School.

11. Defendant RYAN SINES was, at all relevant times, the Principal of Fraser High School and an employee of Fraser Public Schools. He is sued in both his individual and official capacities.

12. Defendant LINDSAY SAMASSA was, at all relevant times, the Assistant Principal of Fraser High School and an employee of Fraser Public Schools. She is sued in both her individual and official capacities.

13. Defendant KERRY TERMAN was, at all relevant times, the Assistant Superintendent for Human Resources and Title IX Coordinator for Fraser Public Schools. He is sued in both his individual and official capacities.

14. Defendant STACY KALPIN was, at all relevant times, a counselor at Fraser High School and an employee of Fraser Public Schools. She is sued in both her individual and official capacities.

15. Defendant NICHOLAS CHARLAND was, at all relevant times, the Choir Director/Music Teacher at Fraser High School and an employee of Fraser Public Schools. He is sued in both his individual and official capacities.

## FACTUAL ALLEGATIONS

16. Robert William Lindsay II ("Lindsay") was hired by Defendant EDUSTAFF and began working as an Auditorium Manager at Fraser High School in September 2022.

17. Lindsay was 24 years old at the time he began working at Fraser High School.

18. Lindsay first met Plaintiff in December 2022, when she was 14 years old and he was 25 years old.

19. Lindsay's makeshift office at the school was the makeup room in the auditorium, where he and Plaintiff would later engage in sexual activities.

20. Beginning in approximately January 2023, Lindsay began developing an inappropriate relationship with Plaintiff.

21. As early as January 24, 2023, Defendant SINES and Defendant CHARLAND met with Lindsay to discuss appropriate boundaries when working with students because performing arts staff had just noticed some behaviors that made them uncomfortable regarding Lindsay and Plaintiff.

22. Despite this early warning sign, Defendants SINES and CHARLAND failed to:

   a. Document the meeting properly;
   b. Report the concerning behavior to Plaintiff's parents;
   c. Take any meaningful steps to monitor Lindsay's interactions with Plaintiff;
   d. Implement any protection plan for Plaintiff;
   e. Report the concerning behavior to proper authorities as required by law; or
   f. Remove Lindsay from his position.

23. In February/March 2023, other staff members approached Lindsay about his relationship with Plaintiff and other female students. The school administrators failed to escalate these concerns, conduct a thorough investigation, or notify Plaintiff's parents.

24. By at least September 5, 2023, Defendant SAMASSA had witnessed inappropriate conduct between Lindsay and Plaintiff. Samassa observed them

5

standing/sitting too close together, appearing to flirt, and stated she had suspicions that something was going on between them. Despite these observations, Samassa failed to take immediate protective action, report the situation, or notify Plaintiff's parents.

25. Soon after, Defendant KALPIN observed Lindsay and Plaintiff engaging in inappropriate physical contact during a school event. Kalpin reported that they were sitting with their legs touching and behaving flirtatiously. Kalpin also noted concern that Plaintiff was repeatedly alone with Lindsay in the auditorium after school with no other students or adults present.

26. On September 21, 2023, Defendant TERMAN met with Lindsay regarding the inappropriate conduct reported by Kalpin. When confronted, Lindsay claimed nothing was going on. Despite this being the second formal warning to Lindsay about his behavior with Plaintiff, Terman failed to notify Plaintiff's parents, implement a safety plan, or remove Lindsay from his position

27. Despite multiple observations of inappropriate behavior by various school officials, none of the Defendants ever notified Plaintiff's parents of their concerns.

28. On September 29, 2023, just eight days after being confronted about his behavior, Lindsay resigned from his position at Fraser High School.

29. On October 13, 2023, Lindsay participated in an exit interview with Defendants TERMAN and SINES, where they discussed how the auditorium could be managed better and why he could no longer do the work for what he was making rather than addressing the concerning pattern of behavior that had been previously reported.

30. Only on October 19, 2023, did Defendant CHARLAND report to Defendant SINES that a vocal coach had informed him about Lindsay's sexual relationship with Plaintiff, finally prompting the school to notify authorities.

31. Throughout the period from January 2023 to October 2023, while the school officials were observing and documenting concerning behavior, Lindsay engaged in repeated acts of sexual abuse against Plaintiff, including sexual intercourse and other sexual acts, both at the school and at his home.

32. On October 20, 2023, Lindsay was arrested.

33. On or about January 15, 2025, Lindsay was sentenced in Macomb County Circuit Court after pleading no contest to five counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct.

34. Lindsay received a sentence of 8 to 50 years in prison.

35. Following Lindsay's arrest, Defendant SAMASSA confronted Plaintiff at school and told her she could not talk about what happened to her.

36. Plaintiff eventually left Fraser Public Schools and was forced to continue her education virtually due to ongoing emotional, psychological, and educational harm sustained as a result of Defendants' conduct.

37. The sexual abuse by Lindsay has caused severe emotional, psychological, and educational harm to Plaintiff, including but not limited to disruption of her education, emotional distress; psychological trauma, damage to her parent-child relationship, loss of educational and school-based social opportunities, and other damages to be proven at trial.

## COUNT I
## VIOLATION OF TITLE IX
### Against Defendant FRASER PUBLIC SCHOOLS

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

39. At all relevant times, Defendant FRASER PUBLIC SCHOOLS was a recipient of federal funds and subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

40. Title IX prohibits discrimination on the basis of sex in education programs or activities receiving federal financial assistance.

41. Sexual harassment and sexual abuse of a student by a school employee constitutes discrimination on the basis of sex under Title IX.

42. Defendant FRASER PUBLIC SCHOOLS, through its officials with authority to take corrective action, had actual knowledge of Lindsay's inappropriate behavior toward Plaintiff as early as January 2023, when SINES and CHARLAND met with Lindsay to discuss "appropriate boundaries."

43. Defendant FRASER PUBLIC SCHOOLS, through its officials with authority to take corrective action, had actual knowledge of Lindsay's continued inappropriate behavior toward Plaintiff in September 2023, when SAMASSA observed unlawful conduct including Lindsay standing/sitting too close to Plaintiff and appearing to be flirting and when KALPIN observed them sitting with their legs touching during a school event.

44. Despite this actual knowledge, Defendant FRASER PUBLIC SCHOOLS was deliberately indifferent to the known sexual harassment and abuse by:

    a. Failing to properly investigate the reports of inappropriate behavior;

    b. Failing to notify Plaintiff's parents of the concerning behavior;

    c. Failing to implement any measures to protect Plaintiff;

    d. Failing to properly supervise Lindsay's interactions with Plaintiff;

    e. Failing to remove Lindsay from his position; and

    f. Failing to report the concerning behavior to appropriate authorities.

45. Defendant FRASER PUBLIC SCHOOLS' deliberate indifference to known sexual harassment was clearly unreasonable in light of the known circumstances.

46. As a direct and proximate result of Defendant FRASER PUBLIC SCHOOLS' violations of Title IX, Plaintiff suffered severe and ongoing damages as described above.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant FRASER PUBLIC SCHOOLS for compensatory damages in an amount to be determined at trial, plus interest, costs, reasonable attorney fees, and such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983 - FAILURE TO TRAIN AND SUPERVISE
### (Against Defendant FRASER PUBLIC SCHOOLS)

47. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

48. At all relevant times, Defendant FRASER PUBLIC SCHOOLS, acting under color of state law, had a duty to train and supervise its employees regarding:

   a. The recognition and reporting of sexual abuse and harassment;

   b. Appropriate boundaries between staff and students;

   c. Mandatory reporting obligations; and

   d. Title IX requirements.

49. Defendant FRASER PUBLIC SCHOOLS failed to adequately train and supervise its employees regarding these matters, as evidenced by:

   a. The failure of multiple employees to properly report Lindsay's concerning behavior;

   b. The failure to notify parents of concerning behavior;

   c. The failure to take appropriate action to protect Plaintiff; and

   d. The failure to follow Title IX requirements when responding to known inappropriate behavior.

50. The need for such training was obvious, as schools have a well-established duty to protect students from sexual abuse by staff members.

51. Defendant FRASER PUBLIC SCHOOLS' failure to train and supervise its employees amounted to deliberate indifference to the constitutional rights of students, including Plaintiff.

52. As a direct and proximate result of Defendant FRASER PUBLIC SCHOOLS' failure to train and supervise its employees, Plaintiff suffered violations of her constitutional rights and the injuries and damages described above.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant FRASER PUBLIC SCHOOLS for compensatory damages in an amount to be determined at trial, plus interest, costs, reasonable attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF 42 U.S.C. § 1983 - SUBSTANTIVE DUE PROCESS
## (Against Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. At all relevant times, Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND were acting under color of state law as employees of a public school district.

55. Plaintiff, as a minor student, had a clearly established constitutional right to bodily integrity and to be free from sexual abuse by school staff.

56. Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND knew of and observed the inappropriate sexual relationship develop and occur between Lindsay and Plaintiff.

57. Despite this knowledge, these Defendants took no meaningful action to protect Plaintiff from ongoing sexual abuse.

58. Defendants' inaction was so egregious as to shock the conscience and constituted deliberate indifference to Plaintiff's constitutional rights.

59. As a direct and proximate result of these Defendants' actions and inactions, Plaintiff suffered violations of her constitutional rights and the injuries and damages described above.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND, jointly and severally, for compensatory and punitive damages in an amount to be determined at trial, plus interest, costs, reasonable attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

### COUNT IV
### VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT RETALIATION
(Against Defendant SAMASSA)

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. At all relevant times, Defendant SAMASSA was acting under color of state law as an employee of a public school district.

62. Following Lindsay's arrest, Defendant SAMASSA, the vice principal, told Plaintiff that she could not talk about what happened to her with Lindsay.

63. Plaintiff had a clearly established First Amendment right to speak about her experiences.

64. Defendant SAMASSA's actions violated Plaintiff's First Amendment rights by restricting her protected speech.

65. As a direct and proximate result of Defendant SAMASSA's actions, Plaintiff suffered violations of her constitutional rights and additional emotional distress.

13

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant SAMASSA for compensatory and punitive damages in an amount to be determined at trial, plus interest, costs, reasonable attorney fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

**COUNT V**
**VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT**
**(Against Defendants FRASER PUBLIC SCHOOLS and EDUSTAFF)**

66. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67. The Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 et seq., prohibits discrimination on the basis of sex in educational institutions and in places of public accommodation.

68. Defendant FRASER PUBLIC SCHOOLS is an educational institution as defined by the ELCRA.

69. Defendant EDUSTAFF is an employer as defined by the ELCRA.

70. Both Defendants are places of public accommodation as defined by the ELCRA.

71. Sexual harassment and sexual abuse constitute discrimination on the basis of sex under the ELCRA.

72. Lindsay's sexual harassment and abuse of Plaintiff constituted discrimination on the basis of sex.

14

73. Defendants FRASER PUBLIC SCHOOLS and EDUSTAFF are liable for Lindsay's actions because:

   a. They failed to take prompt and appropriate remedial action after learning of his inappropriate behavior;

   b. They knew or should have known of Lindsay's propensity for inappropriate behavior toward female students; and

   c. They created or allowed to exist an environment where such abuse could occur.

74. As a direct and proximate result of Defendants' violations of the ELCRA, Plaintiff suffered damages as described above.

   WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants FRASER PUBLIC SCHOOLS and EDUSTAFF, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest, costs, reasonable attorney fees, and such other relief as the Court deems just and proper.

## COUNT VI
## GROSS NEGLIGENCE, MCL 691.1407
**(Against Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND)**

75. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

76. At all relevant times, Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND owed a duty of care to Plaintiff to protect her from foreseeable harm, including sexual abuse by school staff.

77. Defendants breached their duty by failing to take appropriate action to protect Plaintiff despite their knowledge of Lindsay's inappropriate behavior.

78. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to Plaintiff, constituting gross negligence under MCL 691.1407.

79. These Defendants are not entitled to governmental immunity for their grossly negligent conduct that was the proximate cause of Plaintiff's injuries.

80. As a direct and proximate result of these Defendants' gross negligence, Plaintiff suffered the injuries and damages described above.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants SINES, SAMASSA, TERMAN, KALPIN, and CHARLAND, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest, costs, and such other relief as the Court deems just and proper.

## COUNT VII
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION
### (Against Defendant EDUSTAFF)

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Defendant EDUSTAFF had a duty to exercise reasonable care in the hiring, training, supervision, and retention of its employees, including Lindsay.

83. Defendant breached this duty by:

   a. Failing to conduct an adequate background check on Lindsay;

   b. Failing to properly train Lindsay regarding appropriate boundaries with students;

   c. Failing to implement adequate policies and procedures to prevent sexual abuse of students by its contracted employees;

   d. Failing to properly supervise Lindsay's interactions with students, despite its claim that safety is our highest priority;

   e. Failing to adequately monitor Lindsay after he was placed at Fraser High School;

   f. Failing to establish proper reporting mechanisms for concerns about employee conduct;

   g. Failing to properly investigate reports of Lindsay's inappropriate behavior;

   h. Failing to take appropriate corrective action in response to concerns about Lindsay's behavior; and

   i. Failing to terminate Lindsay's employment promptly upon learning of his inappropriate behavior.

84. Defendants' negligence in hiring, supervising, training, and retaining Lindsay was a direct and proximate cause of the sexual abuse suffered by Plaintiff and the resulting damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant EDUSTAFF, for compensatory damages in an amount to be determined at trial, plus interest, costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

**MIKE MORSE LAW FIRM, PLLC**

Attorneys for Plaintiff

/s/Madeline M. Sinkovich
Madeline M. Sinkovich P-82846
24901 Northwestern Highway, Suite 700
Southfield, MI  48075-1816
(248) 350-9050
Madeline.sinkovich@855mikewins.com

Dated:    July 2, 2025          Rima.najor@855mikewins.com

18

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

                                                Respectfully submitted,

                                                **MIKE MORSE LAW FIRM, PLLC**

                                                Attorneys for Plaintiff

                                                */s/Madeline M. Sinkovich*
                                                Madeline M. Sinkovich P-82846
                                                24901 Northwestern Highway, Suite 700
                                                Southfield, MI  48075-1816
                                                (248) 350-9050
                                                Madeline.sinkovich@855mikewins.com

Dated:     July 2, 2025               Rima.najor@855mikewins.com