UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA WALZAK,

       Plaintiff,

v.

FRASER PUBLIC SCHOOLS, *et al.*,

       Defendants.

_____/

Case No. 4:25-cv-12005

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT EDUSTAFF, L.L.C.'S RENEWED MOTION TO QUASH PLAINTIFF'S SUBPOENAS (ECF No. 27)

### A.    Background

In July 2025, Plaintiff (then a minor) and her mother (as next friend) initiated this lawsuit against Fraser Public Schools (FPS), five of its employees (Sines, Samassa, Terman, Kalpin, and Charland), and EduStaff, L.L.C.  The factual allegations stem from a relationship between EduStaff employee Robert William Lindsay II and Plaintiff that began around January 2023 and continue through Lindsay's September 2023 resignation, his October 2023 arrest, and his sentencing in state court.  (ECF No. 1, ¶¶ 16-37.)[1]

_____

[1] On October 1, 2024, Lindsay entered a no contest plea in state court, and he was sentenced on February 20, 2025.  *See People v. Lindsay*, Case No. 2024-000381-FC (Macomb County).  Lindsay is currently in MDOC custody.  *See* www.michigan.gov/corrections (last visited May 21, 2026).

Plaintiff's causes of action include violations of Title IX (against FPS), 42 U.S.C. § 1983 – failure to train and supervise (against FPS), 42 U.S.C. § 1983 – substantive due process (against Sines, Samassa, Terman, Kalpin, and Charland), violation of 42 U.S.C. § 1983 – First Amendment retaliation (against Samassa), and the Elliott-Larsen Civil Rights Act (against FPS and EduStaff), as well as state law causes of action for gross negligence, Mich. Comp. Laws § 691.1407 (against Sines, Samassa, Terman, Kalpin, and Charland) and negligent hiring, supervision, and retention (against EduStaff).  (*Id*., ¶¶ 38-84.)[2]

On January 29, 2026, Plaintiff turned 18 years of age.  (ECF No. 23.)  Thus, she is now the sole Plaintiff.

**B.      EduStaff's Initial Motion to Quash Plaintiff's Subpoenas**

On February 17, 2026, EduStaff served responses to Plaintiff's first set of interrogatories and requests for production of documents.  (ECF No. 25-2.)  In response to Interrogatory No. 9, which asked to "[i]dentify all other incidents within the past five years where an EduStaff employee assigned to a school was accused of inappropriate or sexual conduct toward a student[,]" EduStaff identified five school districts.  (*Id*., PageID.200.)

---

[2] The FPS Defendants have filed a cross claim for indemnification against EduStaff, L.L.C. (ECF No. 24); however, EduStaff's related motion to strike (ECF No. 26), as to which responses have been filed (ECF Nos. 29, 31), remains pending.

On March 18, 2026, Plaintiff served subpoenas for records to each of those five districts – *i.e.*, Benton Harbor Schools (ECF No. 25-3, PageID.207-211), Huron Valley Schools (*id.*, pageID.212-216), Lakeview School District (*id.*, PageID.217-221), Swartz Creek Community Schools (*id.*, PageID.222-226), and Farmington Public Schools (*id.*, pageID.227-231).  On March 20, 2026, EduStaff filed its initial motion to quash Plaintiff's subpoenas (ECF No. 25); however, the Court denied the motion without prejudice, based on non-compliance with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests.").

**C.     EduStaff's Renewed Motion to Quash Plaintiff's Subpoenas**

Judge Behm has referred this case to me for discovery.  (ECF No. 18.) Currently pending before the Court is EduStaff's April 2, 2026 renewed motion to quash Plaintiff's subpoenas (ECF No. 27), as to which a response (ECF No. 30), a reply (ECF No. 32), and a joint list of resolved and unresolved issues (ECF No. 38) have been filed.

The Court noticed an in person hearing for May 21, 2026.  (ECF No. 28.) Attorney Madeline M. Sinkovich appeared for Plaintiff, attorney Lindsay P. Hazen appeared for the FPS Defendants, and attorney Bryan R. Padgett appeared for Defendant EduStaff.

**D.    Order**

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein,</u> Defendant EduStaff's renewed motion to quash (ECF No. 27) is **GRANTED IN PART** and **DENIED IN PART.**  Preliminarily, the Court makes the following, general findings:

- To the extent EduStaff's motion or discovery responses challenge the information sought as not "reasonably calculated to lead to the discovery of admissible evidence" (*see*, *e.g.*, ECF No. 27, PageID.243, 254; ECF No. 27-2, PageID.268), the cited discovery standard is outdated by several years and supplanted by the 2015 amendments. *See* Commentary ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted.")  The current standard is:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden

4

or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

- When determining what is "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), the Court has taken into consideration the seriousness of this case's allegations, which here include a sexual assault by Lindsay, as verified at the hearing.

- As referenced in FPS's crossclaim, "[p]ursuant to the Scope of Services, EDUSTAFF agreed to hire, retain, assign and supervise qualified individuals to perform educational services for the Client[,]" (ECF No. 24, ¶ 19 (citing ECF No. 24-2, PageID.161)); thus, these items are at issue (*see* ECF No. 30, PageID.320-321, 330-331, 337).

- Although Jodi Center from EduStaff is expected to "testify as to EduStaff's policies and procedures" at her forthcoming deposition (see ECF No. 27, PageID.245), Plaintiff is entitled to test what is said in the deposition by requesting relevant documents.

- As for Plaintiff's arguments related to standing (*see* ECF No. 30, PageID.331-335), the Court concludes EduStaff does have standing to bring the motion, although not on the issue or as to the objection to the subpoenas being unduly burdensome.

- The Court declines Plaintiff's invitation to construe EduStaff's motion as one seeking a protective order (*see* ECF No. 30, PageID.335-336).

- EduStaff's sanctions argument (*see* ECF No. 27, PageID.256-259) is overwrought.

More specifically, having considered the particular subpoenas at issue (*see* ECF No. 25-3), the Court agrees with EduStaff that the subpoenas "are overly broad . . . [,]" (ECF No. 27, PageID.253; ECF No. 27-2, PageID.268), specifically as to the facts of other incidents (*e.g.*, facts will vary from case to case, EduStaff's employee in question was never at the other five schools, etc.).

Working from the language in the addendum attached to each of the March 18, 2026 subpoenas (*see*, *e.g.*, ECF No. 27-3, PageID.279), and keeping in mind Plaintiff's proposed modifications (*see* ECF No. 30, PageID.338-340), the Court will permit Plaintiff to re-serve its subpoenas, although limited as follows:

- Request No. 1, shall be removed completely, although its language will be used for definitional purposes.

- Request No. 2, shall be rephrased as follows:  *For each EduStaff employee assigned to your school district who was accused of, investigated for, or involved in inappropriate conduct, sexual misconduct, boundary violations, or other misconduct involving a student, produce all documents related to*

*the employee's placement, discipline, separation, background checks,[3] resignation, or termination.*

- Request No. 3, shall be rephrased as follows: *For each EduStaff employee assigned to your school district who was accused of, investigated for, or involved in inappropriate conduct, sexual misconduct, boundary violations, or other misconduct involving a student, produce all communications between your school district and EduStaff, LLC concerning the employee's hiring, placement, or performance, as well as the contract or agreement governing the employee's placement.*

- Instead of the fourteen (14) day response period listed in each of the subpoenas at issue (*see* ECF No. 25-3, PageID.207, 212, 217, 222, 227), the narrowed subpoenas should afford a twenty-one (21) day response period.

Finally, EduStaff's request for an award of its costs and attorney fees associated with seeking to quash the subpoenas (*see* ECF No. 27, PageID.246, 251, 257, 259,

---

[3] After the hearing, the Court verified that Plaintiff does allege that Defendant Edustaff failed "to conduct an adequate background check on Lindsay[,]" (ECF No. 1, PageID.17, ¶ 83(a)); therefore, information tending to show how Edustaff typically conducts background checks is relevant and discoverable. Given the personal and likely confidential nature of some of the information being subpoenaed, counsel are directed to quickly work out a stipulated protective order and to invite subpoenaed non-parties to invoke its protections by designating documents they produce as confidential.

260) is **DENIED**, because neither party prevailed in full.  *See* Fed. R. Civ. P.

37(a)(5)(C).

      **IT IS SO ORDERED.**[4]


Dated:  May 26, 2026

                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

---

[4] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).