UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA WALZAK,

Plaintiff,

v.

FRASER PUBLIC SCHOOLS, *et al.*,

Defendants.
_____________________________/

Case No. 25-12005

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT EDUSTAFF'S MOTION TO STRIKE CROSSCLAIM (ECF No. 26)**

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The complaint in this matter was filed on July 2, 2025. It arises from the alleged sexual abuse of a minor student by a school employee (Robert William Lindsay II) who was hired by Defendant Edustaff, LLC and placed at Fraser High School, operated by Defendant Fraser Public Schools. (ECF No. 1, ¶ 1). The complaint further alleges that Defendants Sines, Samassa, Terman, Kalpi, and Charland, all school officials, were aware of the inappropriate behavior between Lindsay and Plaintiff for months before Lindsay's arrest but failed to take any action to protect Plaintiff. (*Id*. at ¶ 2). Plaintiff brings claims under Title IX, 42 U.S.C. § 1983, the Elliott-Larsen Civil

Rights Act, and for gross negligence and negligent hiring/supervision under Michigan law.

Defendant Edustaff filed its answer on August 14, 2025, and the Fraser Public Schools Defendants filed their Answer on September 11, 2025. (ECF Nos. 9, 12). Shortly thereafter, the court entered a Case Management Order (CMO) setting the deadline to amend pleadings as December 12, 2025. (ECF No. 17). Without seeking leave of court, on March 9, 2026, the Fraser Public Schools Defendants filed a standalone crossclaim against Edustaff. (ECF No. 24). Edustaff filed a motion to strike the crossclaim on March 30, 2026. (ECF No. 26). This matter is fully briefed. (ECF Nos. 29, 31). The court held a hearing on October 21, 2026.

## II. ANALYSIS

Edustaff argues that the crossclaim, which is a standalone document, must be stricken for two reasons. First, it was filed nearly three months after the court's deadline to amend the pleadings. Second, Fed. R. Civ. P. 16(b)(4) requires a showing of good cause and the judge's consent to amend a scheduling order. Edustaff points out that the Fraser Public Schools Defendants did not seek leave from the court to file the crossclaim and did

not make any showing of good cause for the untimeliness of the crossclaim before filing it.

In response, the Fraser Public Schools Defendants assert that a crossclaim is an original pleading filed under Rule 13(g), rather than an amended pleading and thus, the court's December 12, 2025 deadline to amend pleadings does not apply. Further, it argues that if the court concludes that the deadline in the CMO applies to crossclaims, good cause exists and Edustaff can demonstrate no prejudice. More specifically, Defendants point to the following timeline of events that led to the filing of the cross claim:

> Fraser's insurance carrier issued a formal written demand for indemnification and defense to EduStaff on July 8, 2025—within days of receiving the complaint. (ECF No. 24-4). EduStaff's insurer denied the tender on July 17, 2025. (ECF No. 24-5). A second, detailed demand was sent on October 31, 2025, expressly identifying and quoting the indemnification and insurance provisions of the Agreement. (ECF No. 24-6). EduStaff again refused. Only after these repeated rejections did the Fraser Defendants file their cross claim on March 9, 2026—the indemnification dispute was already fully developed and EduStaff's refusal was unambiguous.

(ECF No. 29, PageID.313). Defendants also argue that Edustaff points to no prejudice. On this point, Defendants argue that Edustaff has ample time to

conduct discovery on the crossclaim. In fact, they say Edustaff already served written discovery requests on the Fraser Public Schools Defendants relating to the underlying claims and the crossclaim, and depositions were scheduled to begin in May 2026.

The Fraser Public Schools Defendants also argue that Rule 12(f) motions are disfavored and that striking the crossclaim would not serve the interests of justice because it would require them to file a separate legal action to litigate the contractual indemnification claim, which would waste judicial resources, multiply proceedings, and risk inconsistent results.

The court's analysis starts with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 13(g) states that "[a] *pleading* may state as a crossclaim any claim by one party against a coparty ..." Fed. R. Civ. P. 13(g) (emphasis added). Rule 12 sets the time for response to a crossclaim as "within 21 days after being served with the *pleading* that states the ... crossclaim." Fed. R. Civ. P. 12(a)(1)(B) (emphasis added). Rule 7(a) lists the pleadings allowed in federal court, which include a complaint; an answer to a complaint; an answer to a counterclaim; a third-party complaint; an answer to a third-party complaint; and an answer to a crossclaim. Fed. R. Civ. P. 7(a)(1)-(7). Rule 7 does not list a crossclaim or a cross-complaint as a permissible pleading. "It

is clear from these rules that a crossclaim must be stated in a pleading, and that a standalone crossclaim is not itself a pleading. Therefore, in general, a crossclaim must be asserted in an answer." *State Farm Mut. Auto. Ins. Co. v. Mathis*, No. 09-CV-0308-CV3-TLW, 2009 WL 5065685, at *1 (N.D. Okla. Dec. 16, 2009) (citing *Langer v. Monarch Life Ins. Co.,* 966 F.2d 786, 810 (3d Cir.1992) ("Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer."); *In re Cessna Distributorship Antitrust Litigation,* 532 F.2d 64, 68 (8th Cir. 1976) (stating that a crossclaim must be asserted in a pleading but is not itself a pleading); *U.S. v. Finn,* 239 F.2d 679, 684 n.28 (9th Cir. 1956) ("The only way to file a cross-claim in a Federal court is to file an answer containing a cross-claim."). Other courts have concluded that a standalone crossclaim is not a proper pleading under the federal rules, must be asserted in an answer, and is subject to the same deadline for serving an answer to the complaint. *Biers v. Dentons US LLP*, No. 2:22-CV-00298-HCN-JCB, 2024 WL 3619487, at *3 (D. Utah Feb. 26, 2024), *report and recommendation adopted* (Mar. 22, 2024), *appeal dismissed*, No. 24-4088, 2024 WL 5424431 (10th Cir. Nov. 4, 2024), *and subsequently aff'd*, No. 24-4087, 2025 WL 1733467 (10th Cir. June 23, 2025); *Bowen Eng'g Corp. v. Pac.*

*Indem. Co.,* No. 14-CV-1224-JTM-TJJ, 2014 WL 6908747, at *1 (D. Kan. Dec. 8, 2014) (a standalone crossclaim is not a pleading, a crossclaim must be asserted in an answer, and it is subject to the same deadline for serving an answer to the complaint); *Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CV CCB-18-2013, 2020 WL 2490110, at *3 (D. Md. May 14, 2020) (a standalone crossclaim is not an accepted form of pleading under the federal rules and must be asserted within an acceptable pleading such as an answer).

The Fraser Public Schools Defendants improperly filed a standalone crossclaim and did not do so within the time for serving an answer to the complaint. It is therefore within the court's discretion to strike Defendants' standalone crossclaim. *Peeples v. Lorring Park Apartments, LLC*, No. CV GLS 22-2218, 2024 WL 4932417, at *4 (D. Md. Dec. 2, 2024). But the court may decline to do so where judicial economy would best be served by resolving the crossclaim in the same action. *Id.*; *see also Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CV CCB-18-2013, 2020 WL 2490110, at *3 (D. Md. May 14, 2020) (improper forms of pleading may be accepted when "judicial economy will be served and no unfair prejudice inflicted"). This is so because "the general policy behind allowing crossclaims is to avoid multiple suits and

to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." *Id*. (quoting Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1431 (3d ed. 2024)). Under this principle, the court is inclined to deny the motion to strike.

Edustaff argues, however, that Defendants' crossclaim was also untimely under the court's case management order and they have not shown good cause under Rule 16 to amend the CMO to allow the late filing. Although Defendants did not technically file a motion for leave to amend their pleadings, the court finds that they should have done so under Rules 15 and 16 because, as explained above, a crossclaim must be filed as part of an answer or other permissible pleading, rather than as a standalone document. The court will thus address the propriety of the crossclaim under these rules.

Federal Rule of Civil Procedure 15(a) typically governs motions to amend the pleadings before trial. However, where a motion to amend is filed after the deadline set forth in the court's scheduling order, the standards of Rule 15(a) and Rule 16(b) apply. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 16 states, in relevant part: "the district judge ... shall, after receiving the report from the parties under Rule 26(f) ... enter a scheduling order that limits the time (1) to join other parties and *to amend the*

*pleadings*. . . ." Fed. R. Civ. P. 16(b) (emphasis added). This rule was "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'" *Leary*, 349 F.3d at 906 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). Rule 16(b) provides that the deadline for amendment of pleadings set forth in the court's scheduling order can be extended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909. The "good cause" requirement in Rule 16 is only satisfied where the movant shows "that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014).

The court's deadline to amend pleadings was December 12, 2025. Defendants argue that they were diligent – pointing to their second demand letter for indemnification sent on October 31, 2025. (ECF No. 24-6). While they say that Edustaff again refused to provide indemnity, they do not say in their response brief or the crossclaim *when* that occurred. That timing

matters for evaluating whether "the original deadline could not reasonably have been met despite due diligence." At the hearing, counsel for Defendants explained that no formal response to the October 31, 2025 demand letter was ever received. Edustaff did, however, explain its position in its February 17, 2026 discovery responses that it was not the employer who had control over Mr. Lindsay. Defendants say, at this juncture, it had a definitive response to its second tender letter and their indemnification claim was fully developed. Edustaff argues that it denied the indemnification claim on July 17, 2025, its position never changed, and the crossclaim could have easily been asserted before the deadline to amend the pleadings. However, the second demand letter details the contract language on which the indemnity claim is based, which was not included in the first letter. It is reasonable, in the court's view, to consider the October 31, 2025 letter and any response thereto in the timeline of what the court may review in evaluating whether the original deadline could not have been met, despite diligence. While it is a close question, given that no response had been received by the deadline to amend pleadings, Defendants could have reasonably concluded that their indemnification claim was not fully developed by that deadline and thus they could not have reasonably met the deadline despite their due diligence in

sending the October 31, 2025 demand letter. The court also concludes that Defendants acted with reasonable diligence in asserting the crossclaim not long after receiving Edustaff's discovery responses. Accordingly, the court finds sufficient good cause under Rule 16.

Having found Plaintiff reasonably diligent, the court must next address the potential prejudice to Edustaff. Edustaff does not point to any prejudice in either its initial motion or its reply brief and the court has discerned none. The court finds that the crossclaim was raised sufficiently early in the discovery process that Edustaff has not been prejudiced. Additionally, Edustaff conceded at the hearing that it did not need to conduct any further discovery on this issue. *See Diamond Transportation Logistics Inc. v. Kroger Co.,* No. 2:19-CV-5448, 2020 WL 7253304, at *2 (S.D. Ohio Dec. 10, 2020) (the court was "unable to discern any prejudice to any party that would be caused by permitting the amendment" where the discovery period had not closed and "no party suggest[ed] that allowing [the] pleading amendment would require extending other case deadlines"). Accordingly, the lack of prejudice weighs in favor of allowing the crossclaim.

Notably, if the court were to deny Defendants the ability to pursue their crossclaim, they would have to file a separate suit, which the principle of

judicial economy disfavors. Courts have found such practical consequences, coupled with a lack of prejudice to the opposing party, support a finding of good cause under Rule 16. *Diamond Transportation Logistics Inc. v. Kroger Co.*, No. 2:19-CV-5448, 2020 WL 7253304, at *2 (S.D. Ohio Dec. 10, 2020). While Defendants could have acted more diligently in pursuing the crossclaim, the court concludes that they were sufficiently diligent, there is no prejudice to Edustaff, and judicial economy favors allowing the crossclaim to proceed.

In the normal course, after finding good cause exists, the court would then consider whether the pleading amendment is appropriate under Rule 15(a)(2). As noted above, Defendants did not technically file a motion for leave to amend but should have done so. Accordingly, the court will briefly consider the applicable standards under Rule 15. Rule 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a party "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon ... may be a proper subject of relief...." *SpecialtyCare, Inc. v. Elevance Health*, 2025 WL 4474951, *2 (M.D. Tenn. May 27, 2025) (quoting

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary*, 349 F.3d at 905 (quoting *Foman*, 371 U.S. at 182). Here, Edustaff has not asserted that the crossclaim should not be permitted to proceed under Rule 15 and the court has already addressed the lack of prejudice to Edustaff. Accordingly, the court concludes that leave should be freely given under Rule 15(a)(2) to allow the crossclaim to proceed.

## III. CONCLUSION

For the reasons set forth above, the motion to strike is **DENIED**.

**SO ORDERED**.

Date: October 22, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge